1  Joseph R. Becerra (State Bar No. 210709)
   BECERRA LAW FIRM
2  4014 Long Beach Boulevard, Suite 300
   Long Beach, CA 90807
3  Telephone:  (213) 542-8501
   Facsimile:  (213) 542-5556
4  Email:      jbecerra@jrbecerralaw.com

5  Torey Joseph Favarote (State Bar No.: 198521)
   GLEASON & FAVAROTE, LLP
6  4014 Long Beach Boulevard, Suite 300
   Long Beach, CA 90807
7  Telephone:  (562) 548-6700
   Facsimile:  (213) 452-0514
8  Email:      tfavarote@gleasonfavarote.com

9  William O. Kampf (State Bar No. 217854)
   LAW OFFICE OF WILLIAM O. KAMPF
10 4014 Long Beach Boulevard, Suite 300
   Long Beach, CA 90807
11 Telephone:  (310) 948-0715
   Facsimile:  (310) 494-9481
12 E-mail:     william@woklaw.com

13 Attorneys for Plaintiff Charmelle Fossett,
   on behalf of herself and all others similarly situated

14

15              **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 17  Charmelle Fossett, on behalf of herself and all others similarly situated, | ) Case No. |
| 18 | ) **CLASS ACTION** |
| 19              Plaintiff, | ) **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES:** |
| 20        vs. | ) |
| 21 | ) 1.  **OVERTIME COMPENSATION AND LIQUIDATED DAMAGES UNDER THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 201, ET SEQ.** |
| 22  BRADY CORPORATION, a Wisconsin corporation; AIO ACQUISITION, INC., a Delaware corporation; and DOES 1 to 10, inclusive, | ) |
| 23 | ) 2.  **FAILURE TO PAY ALL WAGES DUE IN VIOLATION OF CAL. LABOR CODE §§ 204, 510, 558, 1194, 1198** |
| 24 | ) |
| 25              Defendants. | ) 3.  **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LABOR CODE § 226, ET SEQ.** |
| 26 | ) |
| 27 | ) |
| 28 | ) |

4.   **WAITING TIME PENALTIES (CAL. LAB. CODE §§ 201-203)**

5.   **UNFAIR COMPETITION IN VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE 17200, *ET SEQ.***

**DEMAND FOR JURY TRIAL**

Plaintiff Charmelle Fossett, on behalf of herself and all others similarly situated (herein referred to as "Plaintiff"), has brought this class and collective action against defendants BRADY CORPORATION, AIO ACQUISITION, INC., and DOES 1 to 10 (hereafter collectively referred to as "Defendants" or "Brady"). Plaintiff is informed and believes, and on that basis alleges as follows:

## I.   INTRODUCTION

1.      This is a civil class and collective action seeking recovery for Plaintiff, and all others similarly situated, for unpaid overtime (including double time) wages, liquidated damages, interest, attorneys' fees and costs, pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); as well as for unpaid overtime (including double time) wages, liquidated damages, damages and penalties for failure to comply with wage statement provisions, waiting time penalties, interest, attorneys' fees and costs, pursuant to California Labor Code sections 1194 and 226(e), 218.5, 218.6, 1021.5 of the California Code of Civil Procedure, and the IWC Wage Orders.  Plaintiff, on behalf of herself and all others similarly situated, also seeks monetary recovery for Defendants' violations of California Business and Professions Code sections 17200, *et seq.*, including full restitution and/or disgorgement of all compensation retained by Defendants as a result of their unlawful, fraudulent and/or unfair business acts and practices.

2.      Brady operates and, at all times during the relevant liability period (four years prior to the filing of the Complaint in this matter), has done business as a

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

provider of federal and state labor law posters, compliance posters, and related materials in California and throughout the United States. Brady sells its products via online internet and telephone purchases. In its endeavor, Brady employs personnel in California and throughout the United States under the title of Sales Representatives, Compliance Sales Specialists, and positions with similar titles/duties (collectively "Sales Representatives"). This lawsuit challenges Defendants' wage and hour practices as they concern Sales Representatives and other similarly titled/dutied positions.

3. Sales Representatives were classified by Defendants as exempt employees and: (i) paid an hourly rate; (ii) were eligible for overtime pay for hours worked in excess of 8 hours in a day or over 40 in a work- week; and (iii) were eligible for monthly commissions that varied in amount and were dependent on telephonic sales of Defendants' materials made by the Sales Representatives.

4. With respect to Plaintiff and the other Sales Representatives, Defendants' compensation program for its Sales Representatives during the last four years results in the following uniform policies and practices that are in violation of federal and California state laws:

    A. It is Brady's uniform policy and procedure to not include all remuneration required under the Fair Labor Standards Act in calculating Sales Representatives' regular and overtime rates of pay, including but not limited to the inclusion of commission amounts into the calculation of their regular rate of pay.

    B. It is Brady's uniform policy and procedure to not include all remuneration required in calculating Sales Representatives' regular and overtime rates of pay, including but not limited to commission amounts as required by California law.

CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES

C. It is Brady's uniform policy and procedure to present Sales Representatives with inaccurate and improperly itemized wage statements.

D. As a consequence of the foregoing unlawful uniform policies and practices of Brady, it is Brady's uniform policy and practice to not pay all of the Sales Representatives' final wages until more than 72 hours after the termination of their employment.

5.     As a result of Defendants' conduct, Plaintiff brings a collective action claim under § 216(b) of the FLSA against Defendants for unpaid wages and related liquidated damages on behalf of herself and all other similarly situated individuals nationwide who are Sales Representatives or other similarly titled/dutied positions.

6.     Plaintiff, on behalf of herself and all similarly situated individuals in California, also brings state law claims against Defendants under the laws of the State of California for payment of unpaid overtime wages associated with the commissions and any other forms of compensation such as bonuses and awards that were improperly excluded by Defendants in Plaintiff's regular rate and overtime rate calculations, plus damages and penalties for inaccurate and improperly itemized wage statements, waiting time penalties and attorneys' fees, interest, and costs pursuant to statute.

7.     Plaintiff, on behalf of herself and all similarly situated individuals in California, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their failure to pay all earned wages to Sales Representatives pursuant to Business and Professions Code sections 17200-17208.

## II.     JURISDICTION AND VENUE

8.     This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b) for the claims brought under the FLSA.

4.

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

9.     This Court has supplemental jurisdiction for all claims asserted under the laws of the State of California in that the claims are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative fact, the state claims will not substantially dominate over the FLSA claims, and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness and comity.

10.    The United States District Court for the Central District has personal jurisdiction in this matter due to Defendants' numerous violations of the FLSA and California State law in this district.  Additionally, Defendants have over the last four years employed hundreds of Sales Representatives in this District, including Plaintiff Charmelle Fossett, in Ontario, California, County of San Bernardino.

11.    Venue as to Defendants is proper in the Central District as Defendants maintain offices and transact business, including engaging in the transactions giving rise to liability in this District.  Plaintiff also is a resident of this District and worked for Defendants in this District.

### III.    PARTIES

**A.    PLAINTIFF**

12.    Plaintiff Charmelle Fossett (hereinafter "Plaintiff") is an individual over the age of eighteen and was formerly employed by Brady as a non-exempt Sales Representative at its offices in Ontario, California from approximately February 2013 to June 2016.

13.    Within the last four years and as recently as June 2016, Plaintiff worked for Defendants as a non-exempt Sales Representative, and in so doing was consistently required by Brady to work in excess of 8 hours in a day and/or 40 hours per week without being paid the appropriate overtime compensation under the FLSA and California State law.   Plaintiff received commissions from the Defendants related to the telephone sale of Defendants' materials, which were not included in her regular rate of pay when she worked overtime.

5.

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

**B.    DEFENDANTS**

14.    Defendant BRADY CORPORATION is and at all times mentioned in this Complaint was a Wisconsin corporation qualified to do business and actually doing business in the State of California, where it operates as a provider of federal and state labor law posters, compliance posters, and related materials, with locations throughout the United States, including an office in Ontario, California, County of San Bernardino.

15.    Defendant AIO ACQUISITION, INC., is and at all times mentioned in this Complaint was a Delaware corporation qualified to do business and actually doing business in the State of California, where it operates as a provider of federal and state labor law posters, compliance posters, and related materials, with an office in Ontario, California, County of San Bernardino.

16.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that DOES 1 to 10 are now, or at all times mentioned in this Complaint were, licensed to do business and/or are actually doing business in the state of California, and that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

17.    Plaintiff is informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy to perform the unlawful acts and practices described herein, and the acts of each defendant are legally attributable to the other Defendants as each defendant has ratified, approved,

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

and authorized the acts of each of the remaining Defendants with full knowledge of said acts.

## IV.    FACTUAL ALLEGATIONS

18.    Plaintiff was employed by Defendants, by each of them and/or jointly, as a Nonexempt Sales Representative, in the State of California during the four years prior to filing this Complaint, including within the calendar year 2016 when her employment terminated.

19.    Plaintiff's employment with Defendants began in or about February 2013 and terminated on or about June 22, 2016.

20.    Plaintiff's employment with Defendants, at all times, was governed by Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

21.    Plaintiff's employment with Defendants, at all times, was also governed by California Wage Order, Industrial Welfare Commission ("IWC") Wage Order No. 4-2001 ("WAGE ORDER 4"); the Cal. Code of Regulations (CCR) § 11040 and the California Labor Code §§ 201-203, 226, 226.7, 512, 1194 and 1198.

22.    During her employment with Defendants, Plaintiff worked for Defendants in excess of eight (8) hours per workday and in excess of forty (40) hours per workweek.

23.    However, during her employment with Defendants, Plaintiff was not paid all amounts owed for overtime due to Defendants' uniform policy and procedure to not include all remuneration required under the FLSA and California State law in calculating Sales Representatives' regular and overtime rates of pay, including but not limited to the inclusion of commission amounts into the calculation of their regular rate of pay.

24.    During her employment with Defendants, Defendants failed to provide Plaintiff with an itemized statement of wages in compliance with California Labor Code § 226 which caused her to be injured in that she was unable to readily

CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES

calculate whether she was properly paid all wages owed.  Some examples of the failure to provide Plaintiff with an itemized wage statement in compliance with California Labor Code § 226 include, but are not limited to: (a) the stated gross wages and net wages would both be less than the actual amounts owed Plaintiff under the FLSA and California law due to Defendants' uniform policy and procedure to not include all remuneration required under the FLSA and California State law in calculating Sales Representatives' regular and overtime rates of pay, including but not limited to the inclusion of commission amounts into the calculation of their regular rate of pay; and (b) the applicable overtime rates were incorrect due to Defendants' uniform policy and procedure to not include all remuneration required under the FLSA and California State law in calculating Sales Representatives' regular and overtime rates of pay, including but not limited to the inclusion of commission amounts into the calculation of their regular rate of pay.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendants' issuance of her itemized wage statement was done pursuant to a company-wide, uniform practice that applied to her and all other Sales Representatives employed by Defendants throughout California and the United States.

26.     Plaintiff's employment with Defendants terminated during the last year from the time this Complaint was filed.  At the time of termination, Defendants failed to pay Plaintiff all wages owed pursuant to California Labor Code §§ 201-203 because she was not paid the proper overtime wages that she earned for the reasons described above.

## V.     CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     FLSA Collective Action

27.     Plaintiff brings the First Cause of Action, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated.  The period covered by the collective action is three (3) years from the filing of this Complaint up to and including the

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

time of trial for this matter (hereinafter "FLSA Collective Action" or "FLSA Collective Action Period").  The FLSA Collective Action members which Plaintiff seeks to represent is composed of and defined as follows:

> All current and former Sales Representatives of Brady, who have worked overtime for Brady in the United States or Puerto Rico at any time within the Collective Action Period and received a commission (hereinafter "FLSA Collective Action Members").

28.    Plaintiff is informed and believes that the FLSA Collective Action Members potentially consists of hundreds of individuals from all over the country.

29.    During this litigation, Plaintiff may find it appropriate or necessary to amend the definition of those covered by the FLSA Collective Action.  Plaintiff reserves her right to continue to refine the FLSA Collective Action definition. Similarly, although subclasses are not anticipated at this time, Plaintiff reserves the right to move for subclasses divided along any reasonable point of distinction that might exist among members of the FLSA Collective Action.

30.    Plaintiff and the FLSA Collective Action Members are similarly situated in that they were/are all non-exempt employees subject to Defendants' common practice, policy, or plan of willfully and unlawfully failing to include all forms of compensation, including all commissions into the calculation of their regular rate of pay for purposes of determining the correct overtime due to them under the FLSA.

31.    The names and addresses of the FLSA Collective Action Members are available from Defendants, and notice should be provided to the members of the FLSA Collective Action via first class mail to the last address known as provided by the Defendants as soon as possible.

**B.    California State Law Class Under Federal Rule of Civil Procedure 23**

32.    Plaintiff brings the Second through Fifth Causes of Action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) (the "California Class Action").  The "California Class Period" is four (4) years from the filing of this

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

1  Complaint up to and including the time of trial for this matter.  The members of the

2  California Class Action which Plaintiff seeks to represent is composed of and

3  defined as follows:

> All current and former California-based Sales
> Representatives, who have worked overtime for Brady
> and received a commission at any time within the
> California Class Period (hereinafter "California Class
> Action Members").

7  33.    Plaintiff is informed and believes that the California Class Action

8  Members consists of a hundred or more persons.  The California Class Action

9  Members are so numerous and dispersed geographically that actual joinder of all of

10  the California Class Action Members is impracticable.

11  34.    The California state law claims, if certified for class-wide treatment,

12  may be pursued by all similarly situated persons who do not opt-out of the

13  California Class Action.

14  35.    During this litigation, Plaintiff may find it appropriate or necessary to

15  amend the definition of the California Class Action.  Plaintiff reserves her right to

16  continue to refine the class definition prior to class certification.  Similarly, although

17  subclasses are not anticipated at this time, Plaintiff reserves the right to move for

18  certification of subclasses divided along any reasonable point of distinction that

19  might exist among California Class Action Members.

20  36.    **Numerosity:** The members of the California Class Action are so

21  numerous that joinder of all members would be impractical, if not impossible.

22  Plaintiffs are informed and believe that there are hundreds of California Class

23  Action Members.  The identity of the California Class Action Members is readily

24  ascertainable by review of Defendants' records.

25  37.    **Commonality:** There are numerous questions of law and fact common

26  to Plaintiffs and the California Class Action Members that Plaintiff seeks to

27  represent.  These questions include, but are not limited to, the following:

28  A. Whether the California Class Action Members are nonexempt;

10.

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

B. Whether the California Class Action Members worked without receiving the appropriate overtime rate of compensation on commissions and other forms of payment in violation of Labor Code sections 1194, 204 or any other provision of law;

C. Whether the California Class Action Members received wage statements that failed to include the correct hourly and overtime rates of pay, or any other item required by Labor Code section 226(a);

D. Whether the California Class Action Members were injured by Defendants' failure to include the correct hourly and overtime rates of pay on their wage statements and if Defendants' conduct was "knowing and intentional";

E. Whether the failure to pay the correct overtime rates of pay was "willful" in violation of labor Code section 203;

F. Whether Defendants' conduct constitutes unfair competition within the meaning of Business and Professions Code sections 17200 and 17203;

G. Whether the California Class Action Members are entitled to injunctive relief;

H. Whether the California Class Action Members are entitled to restitution;

I. Whether Defendants are liable for pre-judgment interest; and

J. Whether Defendants are liable for attorneys' fees and costs.

38.   **Typicality:** The claims of Plaintiff are typical of the claims of the California Class Action Members which she seeks to represent.   Similarly, Plaintiff's claims, like the claims of the respective California Class Action Members, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

39.   **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the California Class Action Members.  Plaintiff has retained

11.

competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including employment litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the California Class Action Members and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the proposed California Class Action Members.

40. **Predominance:** Class certification of the respective classes is appropriate under Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to class members predominate over any questions affecting only individual members. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. Moreover, there are no unusual difficulties likely to be encountered in the management of this action as a class action.

41. **Superiority:** The class action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of these claims. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which Plaintiff can effectively litigate against large, well-represented entities like Defendants. In the absence of a class action, Defendants would be unjustly enriched because they would be able to retain the benefits and fruits of the many wrongful violations of California's state laws. Numerous repetitive individual actions would also place an enormous burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct over and over again.

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

# VI.   CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Failure to Pay Wages and/or Overtime

### (FLSA, 29 U.S.C. §§ 201 *et seq.*, 29 U.S.C. § 216(b))

### (By Plaintiff Individually and as a Collective Action against All Defendants)

42.     Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

43.     Defendants had a uniform practice and policy of compensating its Sales Representatives through paying them a hourly rate; paying them overtime pay for hours worked in excess of 40 hours in a work-week; and paying them for commissions that varied in amount and were dependent on sales made by the Sales Representatives.   In violation of the FLSA, it was Brady' uniform policy and practice <u>not</u> to include these commission amounts and other forms of compensation including, but not limited to, bonuses and awards, that the Sales Representatives received into their "regular rate" of pay for purposes of calculating the Sales Representatives correct overtime rate of pay.

44.     As a result of the unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Members have been deprived of overtime wages at their correct regular rate of pay when they worked in excess of 40 hours in a workweek in violation of the FLSA, as the Defendants only used these individuals hourly rate of pay to determine their overtime rate.   The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

45.     Attached hereto as Exhibit A is the consent to join form signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.   It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

46. As alleged above, the members of the FLSA Collective Action are defined and consist of each of the following:

> All current and former Sales Representatives of Brady, who have worked overtime for Brady in the United States or Puerto Rico at any time within the Collective Action Period and received a commission (hereinafter "FLSA Collective Action Members").

47. At all relevant times, Defendants, pursuant to their uniform, systematic and non-individualized policies and practices, willfully failed and refused to pay overtime premiums in accordance with the law to those covered by the FLSA Collective Action for their hours worked in excess of forty per week.

48. By failing to compensate Plaintiff and the FLSA Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff, on behalf of herself and the FLSA Collective Action Members, seeks recovery of her attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA.

51. Plaintiff, on behalf of herself and the FLSA Collective Action Members, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, interest, and such other legal and equitable relief as this Court deems just and proper.

52. At all-times relevant to this Complaint, since three years prior to the commencement of this action, Plaintiff and the FLSA Collective Action Members, as alleged herein claim that, each Defendant willfully failed to pay the correct overtime compensation owed to said Plaintiff and the FLSA Collective Action Members for

all of his/her/their overtime hours worked in excess of 40 hours per workweek, in violation of <u>29 U.S.C. § 207(a)</u>; and,

53.    The aforementioned conduct of Defendants, and each of them, constitutes multiple and repeated violations of <u>29 U.S.C. § 207(a)</u>; based thereon, Plaintiff prays for and seeks judgment and appropriate orders in favor of Plaintiff and those in the FLSA Collective Action identified above against Defendants, jointly and severally, as follows: For the recovery of the balance of overtime compensation owed to Plaintiff and the FLSA Collective Action Members plus liquidated damages, attorney's fees and costs pursuant to <u>29 U.S.C. § 216(b)</u>, in an amount according to proof; for an award of pre-judgment interest; for costs of suit; for interest as allowed by law; and, for such other relief as may be proper.

WHEREFORE, Plaintiff, on behalf of herself and all members of the proposed FLSA Collection Action she seeks to represent, prays for relief as follows:

A. For an order certifying that the first claim of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Collective Action, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

B. Designation of the Plaintiff as a representative for the FLSA claims and Plaintiff's attorneys as Counsel for the FLSA Collective Action;

C. Appropriate equitable relief to remedy Defendants' violations of the FLSA, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

D. All unpaid overtime as calculated by the applicable provisions of the FLSA at 29 U.S.C. §§ 201 *et seq.,* and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor;

E. All appropriate federal statutory penalties;

CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES

F.  An award of liquidated damages pursuant to the FLSA, and according to proof;

G.  Pre-Judgment and post-Judgment interest, as provided by law;

H.  Such other equitable relief as the Court may deem just and proper;

I.  Attorneys' fees and costs of suit, including expert fees as permitted by the FLSA and/or federal law.

### SECOND CAUSE OF ACTION

**Failure to Pay All Wages Due**

**Violation of Cal. Labor Code §§ 204, 510, 558, 1194, 1198**

**(By Plaintiff And The California Class Action Members Against All Defendants)**

54.  Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

55.  For the four (4) year period preceding the filing of the Complaint, Defendants had a uniform practice and procedure of compensating its Sales Representatives by paying them an hourly rate and paying overtime if they were required to work more than 8 hours per day and/or more than 40 hours per week.

56.  Defendants also had a uniform practice and procedure of compensating its Sales Representatives through a commissions based on established sales goals.

57.  In violation of Labor Code sections 204, 1194, 510, 515(d), 219(a), IWC Wage Order 4-2001, and California Code of Regulations, section 11040(3), it was Brady' uniform policy and practice not to include the commission amount and other forms of compensation in the Sales Representatives' "regular rate" of pay for purposes of calculating Sales Representatives' overtime rate of pay.

58.  As a result of the unlawful acts of Defendants, Plaintiff and the California Class Action Members have been deprived of overtime wages and/or other compensation in amounts to be determined at trial, and are entitled to recover such amounts from Defendants, plus interest thereon, attorneys' fees and costs.

CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES

59. As a proximate result of the aforementioned violations, Plaintiff and the California Class Action Members have been damaged in an amount according to proof at the time of trial.

60. Defendants' pattern, practice and uniform administration of its corporate policy to not pay Plaintiff and the California Class Action Members all wages when due, as described herein, is unlawful and creates entitlements pursuant to Labor Code sections 204, 510, 558, 1194, IWC Wage Order 4-2001, and California Code of Regulations, section 11040(3). Plaintiff and the California Class Action Members are entitled to recover from Defendants the full amount of the wages due and unpaid, plus interest, reasonable attorneys' fees and costs of suit.

### THIRD CAUSE OF ACTION

**Failure to Provide Accurate Itemized Statements**

**Violation of Cal. Labor Code § 226**

**(By Plaintiff And The California Class Action Members Against All Defendants)**

61. Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

62. This cause of action is brought pursuant to California Labor Code § 226 which requires employers to furnish their employees with accurate itemized wage statements at the time of payment of wages showing: (1) gross wages earned, (2) total hours worked, (3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California Labor Code § 226(a).

17.

63.    Defendants failed to comply with these requirements as they provided itemized statements to Plaintiff and the California Class Action Members that did not show one or more of the following items: (1) gross wages earned, (2) net wages earned, and (3) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, due to their failure to properly calculate the regular rate and properly pay overtime wages as described above.

64.    Plaintiff and the California Class Action Members, and each of them, were injured by these failures because, among other things, the failure to accurately record the proper hourly rates, the correct gross wages and net wages earned, hindered Plaintiff and the California Class Action Members from determining the amounts of wages actually owed to them.

65.    As a proximate result of Defendants' conduct as alleged herein, Plaintiff and the California Class Action Members, herein seek penalties pursuant to California Labor Code § 226(e) for each violation by Defendants of California Labor Code § 226(a).

66.    Plaintiff and the California Class Action Members further seek all available remedies including, but not limited to, any and all wages due, actual damages, monies, interest, attorneys' fees, costs and preliminary and permanent injunctive relief pursuant to California Labor Code § 226(h).

### FOURTH CAUSE OF ACTION

**Failure to Pay Wages When Due**

**Violation of Cal. Labor Code §§ 201-203**

**(By Plaintiff And The California Class Action Members Against All Defendants)**

67.    Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

68.    Labor Code section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201,

18.

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but wages shall not continue for more than thirty (30) days.

69.     Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, including, but not limited to the failure to pay overtime on commissions and other forms of compensation in an amount according to proof, but that exceeds the minimum jurisdiction of this Court.

70.     Plaintiff and certain California Class Action Members are no longer employed by Defendants, having either been discharged from or quit their employ.

71.     Defendants willfully failed to pay Plaintiff and the other terminated California Class Action Members a sum certain at the time of their termination or within seventy-two (72) hours of their resignation, failed to pay those sums for thirty (30) days thereafter, and continue to owe such sums.

72.     Defendants' willful failure to pay wages to the Plaintiff and the California Class Action Members violates Labor Code section 203 because Defendants knew wages were due to Plaintiff and the California Class Action Members, but Defendants failed to pay them.

73.     Thus, Plaintiff and the other terminated California Class Action Members are entitled to penalties pursuant to Labor Code section 203, in the amount of their respective daily wages multiplied by thirty (30) days.

74.     Defendants' pattern, practice and uniform administration of corporate policy regarding its willful failure to timely pay wages as described herein is unlawful.   Plaintiff and the other terminated California Class Action Members are entitled to recover from Defendants the full amount of the unpaid wages, plus interest, reasonable attorneys' fees and costs of suit.

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

# FIFTH CAUSE OF ACTION

## Unfair Business Practices

### Violation of Cal. Business & Professions Code § 17200, *et seq.*

**(By Plaintiff And The California Class Action Members Against All Defendants)**

75.     Plaintiff refers to and incorporates all of the paragraphs of this Complaint as though fully set forth herein.

76.     Defendants' failure to pay earned wages in the form of overtime on commissions paid to Plaintiff and the California Class Action Members under the California Labor Code and IWC Wage Orders, as alleged herein, constitute unlawful activity prohibited by Business and Professions Code section 17200.

77.     The actions of Defendants in failing to pay Plaintiff and the California Class Action Members in a lawful manner constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code sections 17200, et seq.

78.     Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent further damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  She brings this cause as a Class Action and as members of the general public as a representative of all others similarly situated who were subject to Defendants unlawful acts and practices.

79.     Plaintiff and the California Class Action Members have lost money and/or property as a result of Defendants unfair business acts and practices and Defendants are unjustly enriched to the extent of their failure to pay earned wages to Plaintiff and the California Class Action Members.

80.     The unlawful acts and conduct alleged herein is continuing and there is no indication that Defendants will stop such activity in the future.  Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they

1    will continue to withhold payment of earned wages and other compensation due
2    Plaintiff and the California Class Action Members.

3        81.   As a direct and proximate result of the unfair business acts and practices
4    of Defendants, Plaintiff, individually and on behalf of all employees similarly
5    situated, is entitled to equitable and injunctive relief, including full restitution,
6    disgorgement, and/or specific performance of payment of all wages that have been
7    unlawfully withheld from Plaintiff and the California Class, and issuance of an order
8    pursuant to Business and Professions Code section 17200, et seq., enjoining
9    Defendants from engaging in the unlawful acts and practices described herein.

10       82.   Plaintiff further request that the Court issue a preliminary and
11   permanent injunction prohibiting Defendants from continuing the illegal practices
12   described hereinabove.

13   **PRAYER FOR RELIEF REGARDING CALIFORNIA CLAIMS**

14       WHEREFORE, Plaintiff, individually and on behalf of all employees similarly
15   situated, prays for judgment against Defendants jointly and severally as follows:

16       A. An order that the action be certified as a class action pursuant to Federal
17          Rule of Civil Procedure 23;

18       B. An order that Plaintiff be appointed class representatives of the
19          California Class which she seeks to represent;

20       C. An order that counsel for Plaintiff be appointed class counsel for the
21          California Class;

22       D. For all recoveries available under the laws of the State of California,
23          including:

24          1.   For compensatory damages available under Labor Code,
25               including for unpaid wages, unlawful wage statements, and
26               waiting time penalties;

27

28

**CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES**

1    2.    For restitution of all monies due to Plaintiff and the
2          putative California Class for the unlawful business acts and
3          practices of Defendants;

4    3.    For all statutory penalties available under the Labor Code,
5          including for unpaid wages, unlawful wage statements, and
6          waiting time penalties;

7    4.    For interest accrued to date;

8    5.    For costs of suit incurred herein and reasonable attorneys'
9          fees pursuant to the referenced statutes;

10   6.    For injunctive relief; and

11   7.    For such other and further relief as the Court may deem
12         just and proper.

13   Dated: December 9, 2016                    BECERRA LAW FIRM

14

15                                             By: _____
16                                                      Joseph R. Becerra

17                                             Attorneys for Plaintiff Charmelle Fossett
                                                  and All Others Similarly Situated

18   Dated: December 9, 2016                    GLEASON & FAVAROTE, LLP

19

20                                             By: _____
21                                                      Torey Joseph Favarote

22                                             Attorneys for Plaintiff Charmelle Fossett
                                                  and All Others Similarly Situated

23

24   Dated: December 9, 2016                    LAW OFFICE OF WILLIAM O. KAMPF

25

26                                             By: _____
                                                        William O. Kampf

27                                             Attorneys for Plaintiff Charmelle Fossett
                                                  and All Others Similarly Situated

28

CLASS AND COLLECTIVE CLASS ACTION COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2      Plaintiff hereby demands a jury trial on all causes of action and claims with

3 respect to which she and all members of the proposed classes have a right to a jury

4 trial.

5

6 Dated: December 9, 2016        BECERRA LAW FIRM

7

8                               By: _____

9                                        Joseph R. Becerra

10                              Attorneys for Plaintiff Charmelle Fossett
                                     and All Others Similarly Situated

11 Dated: December 9, 2016       GLEASON & FAVAROTE, LLP

12

13                              By: _____

14                                       Torey Joseph Favarote

15                              Attorneys for Plaintiff Charmelle Fossett
                                     and All Others Similarly Situated

16

17 Dated: December 9, 2016       LAW OFFICE OF WILLIAM O. KAMPF

18                              By: _____

19                                       William O. Kampf

20                              Attorneys for Plaintiff Charmelle Fossett
                                     and All Others Similarly Situated

21

22

23

24

25

26

27

28

1.

**DEMAND FOR JURY TRIAL**